**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XOCHITL ANTUNEZ-VALENTE, | No. 19-72846 |
| Petitioner, | Agency No. A075-480-205 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted January 14, 2021**
Pasadena, California

Before: CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,*** District Judge.

Xochitl Antunez-Valente petitions for review of a Department of Homeland

Security (DHS) order reinstating her prior removal order under 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

§ 1231(a)(5). Although we review *de novo* due process claims and questions of law, our review of a reinstatement order is ordinarily limited to confirming that the agency complied with its regulations. *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136–37 (9th Cir. 2008). We deny the petition for review.

**1.** The reinstatement order is valid because the record shows that Antunez-Valente is a noncitizen who was subject to a prior order of removal, and yet illegally reentered the United States after being removed subject to that order. *See* 8 C.F.R. § 241.8(a). Although the certified administrative record omits the prior removal order, the government has moved to supplement the record with that document, claiming inadvertent error. We grant the government's motion.

To challenge the reinstatement order, Antunez-Valente contends that her reentry was not illegal because she did not intend to deceive border officials when she presented herself at the San Ysidro pedestrian entry, truthfully answered the border official's questions, and was waved through. Our precedent forecloses her argument. Procedurally regular entries can nevertheless be substantively illegal for purposes of 8 U.S.C. § 1231(a)(5). *Tellez v. Lynch*, 839 F.3d 1175, 1178 (9th Cir. 2016); *Tamayo-Tamayo v. Holder*, 725 F.3d 950, 952–54 (9th Cir. 2013).

Our recent decision in *Tomczyk v. Wilkinson*, --- F.3d ---, 2021 WL 359999 (9th Cir. Feb. 3, 2021), does not dictate a different outcome. In *Tomczyk*, we held that an illegal reentry under § 1231(a)(5) requires some form of misconduct by the

noncitizen, such as "entering without inspection, entering in violation of a requirement to obtain advance consent from the Attorney General, or procuring admission by fraud." *Id.* at *8. Although Antunez-Valente was waved through in a non-fraudulent manner similar to the petitioner in *Tomczyk*, she reentered without obtaining the advance permission of the Attorney General, as required under the terms of her prior removal order. The Form I-205 issued to her in connection with that removal in January 2000 states that she is prohibited from entering, attempting to enter, or being in the United States for a period of ten years from the date of her departure absent prior permission from the Attorney General. Because she reentered mere days after her removal and the record does not show that she obtained advance consent from the Attorney General, all the requirements for reinstatement were satisfied.

2. Antunez-Valente's remaining arguments also fail. She argues that the reinstatement of the prior removal order violated due process because she was not given an opportunity to challenge the conclusion that she reentered illegally. We have previously held that the streamlined reinstatement procedures survive any facial challenges "for patent procedural insufficiency." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc). And even assuming a due process violation, Antunez-Valente fails to show prejudice. She does not specify what evidence she would have presented to support the argument that her reentry

was legal, and she refused previous opportunities to make a statement contesting reinstatement. Thus, we cannot conclude that had she received a hearing, the outcome of the reinstatement proceedings would have been different. *See Perez-Garcia v. Lynch*, 829 F.3d 937, 941 (9th Cir. 2016).

Finally, we reject Antunez-Valente's retroactivity argument. Section 1231(a)(5) cannot be applied to noncitizens who were removed but reentered and filed for immigration relief prior to the Illegal Immigration Reform and Immigrant Responsibility Act's effective date of April 1, 1997. *Ixcot v. Holder*, 646 F.3d 1202, 1206 n.8, 1214 (9th Cir. 2011). But Antunez-Valente does not contest that her prior removal and reentry occurred after April 1, 1997, and as of that date, she did not have a pending application for asylum or any other form of immigration relief.

The government's motion to supplement the record (Dkt. No. 18) is GRANTED and Antunez-Valente's motion to transfer this case to the district court for an evidentiary hearing (Dkt. No. 20) is DENIED.

**PETITION FOR REVIEW DENIED.**